Turley, J.
delivered the opinion of the court.
This is an action of replevin brought by the Nashville Insurance and Trust company against the defendants, for divers hogsheads of tobacco.
*379 The plaintiff declared for the tobacco in trover; to this declaration the defendants demurred, but the demurrer was overruled, and thereupon the defendants pleaded not guilty. To try this issue a jury was empanelled; but before the case was submitted, the plaintiff took a non-suit; the court thereupon, at the request of the defendants, empanelled a jury to enquire of the value of the tobacco, which had been replevied by the plaintiff from the defendants, and the damages they had sustained thereby; which jury returned that one hundred and eight hogsheads of tobacco were replevied by the complainant and taken out of the possession of the defendants; and that they find for the defendants three thousand eight hundred and sixty-five dollars, including interest, for which sum judgment was given in the court below, and to reverse which the plaintiff now appeals to this court.
■ The proceedings in the case are under the provisions of 'the act of 1846, chap. 05, called, “An act to regulate proceedings in the action of replevin.”
It may be premised that every thing in relation to this subject is necessarily submitted to the test of the provisions of that act, as we have no common law in relation to this form of proceeding, and as there is little or no similarity between this action at common law and under the statute.
It is not necessary to enter into a general examination of the practice in cases under this statute, for this particular case, because there are but two points presented for our present consideration.
1st. As to the power of the circuit judge to have directed the enquiry as submitted to the jury. 2d. As to the correctness of the verdict of the jury, and the consequent judgment of the court thereon.
*380 1. It is argued by the counsel for the plaintiff that the court had no power to direct the enquiry, because the declaration is in trover, as at common law, and not under the statute, and that the statute gives no power in such case for an enquiry of value and damages on the part of the defendants.
The first section of the act makes provision for the action of replevin, and process for the commencement thereof. The third section provides that the process shall command the sheriff to summon the defendant to answer the plaintiff wherefore he detains his goods and chattels to his damage-dollars, (which goods and chattels shall be described in said writ with reasonable certainty,) and also, that he take said goods and chattels out of the possession of the defendant and deliver the same to the plaintiff. The sixth section provides, that upon said writ being duly returned, the plaintiff shall file his declaration as in other cases, and the defendant shall plead thereto as in other cases. The seventh section, that the defendant may plead not guilty, and all special matters of defence may be given in evidence under said plea,; or he may plead specially, if he wishes to do so. The ninth section provides, among other things, that should the plaintiff enter a nolle prosequi, or fail to prosecute his suit from any cause whatever, without first having returned the property replevied to the defendant, and satisfied him for the detention, the court shall empanel a jury to ascertain the value of said property, and damages for the seizure and detention thereof; and when the jury have so found, the court shall give judgment that the plaintiff return said property to the defendant, and pay the damages assessed; or, on this failure to return the property, that the defendant recover of the plaintiff *381 the value of the property and damages aforesaid, and that execution issue accordingly. The twelfth section provides, that when a writ of replevin has been issued, and the officer whose duty it shall be to execute the same, from any cause whatever, cannot find the property mentioned in the writ, it shall be lawful for the officer to make known the contents of the writ of re-plevin to the defendants; and should the said officer by his return show that he has been unable to get possession of the property, and that he has made known the contents of the writ to the defendant, then the plaintiff may elect to declare against the defendant in trover or detinue, and may proceed to final judgment without the aid of any additional summons; and when the plaintiff elects to declare in trover or detinue, the proceedings from that time shall be conducted as though the original writ had been issued in one of the last forms of action.
In the case under consideration, the property was found by the officer, viz, one hundred and eight hogsheads of tobacco, which was replevied by the plaintiff and taken out of the hands of the defendants; the case then, as contemplated by the statute, in which the plaintiff might proceed by trover or detinue, as at common law, and not under the statute, did not exist, and the plaintiff had no right to file his declaration in trover, as he could have done if the sheriff had returned that he could not find the property, the subject matter of the controversy. This is not controverted on the part of the plaintiff; but it is insisted that this constitutes no cause of demurrer, and that the defendants’ remedy was to have asked that the declaration be taken from the file, as not legally constituting any part of the proceedings of the case. This, perhaps, might have been the most techni *382 cal form oí proceeding, and would certainly have been available for the defence; but we do not think the de-fence by demurrer to be illegal. The action was instituted under the statute, in form detinue; the process was executed, the tobacco replevied; the declaration in trover is a variance not warranted under these circumstances by the statute, it is a variance which appears of record, and a legitimate ground for a demurrer; indeed, it is somewhat difficult to conceive of a cause which would so vitiate a declaration as to be good reason for taking it off the file, and which would not be available upon demurrer.
On the contrary, a party will often be forced to demur instead of moving to take the pleadings from the file; so that it seems to require a more palpable defect to allow of the remedy by motion, than it does that by demurrer; and, therefore, the demurrer will of necessity cover all defects, for which the pleadings will upon motion be taken from the file.
In the case under consideration, it would be great apparent injustice to defeat the defendants upon such a technicality. The plaintiff, so far as we can judge from the record, has obtained, by operation of the law, possession of this property, and when a jury is empanelled to try the right thereto, a nonsuit is taken, and the remedy in such cases given by the statute to the defendants is resisted upon a mere technicality, and which looks as if it were designed to entrap.
We therefore think that the error on this part of the case consisted in the refusal on the part of the court to sustain the demurrer to the declaration, and not in em-panelling the jury of inquest after the nonsuit was taken.
*383 2. It is argued that the finding of the jury is not in pursuance of the provisions of the statute, and that the judgment thereon is erroneous; and so we think.
We have seen from the provisions of the statute, that the jury is to be empanelled in such cases to ascertain the value of the property, and damages for the seizure under the writ of replevin; and that the court shall give judgment that the plaintiff return said property and pay the damages assessed, or, on failure to return the property, that the defendant recover against the plaintiff the value of the property and the damages assessed.
The jury have not by their verdict ascertained the value of the property, and assessed the damages for the seizure thereof, but, on the contrary, have returned generally that they find for the defendants three thousand eight hundred and sixty-five dollars, including interest. Upon which, the court gives judgment that the plaintiff return the tobacco or pay the amount so assessed. This is all wrong; the jury had no power to amalgamate in one general verdict the value of the property replevied and the damages for the seizure thereof, but must return them separate, in order that the plaintiff may not be confounded by the uncertainty, but may distinctly know what damages are given against him for the seizure, and what he has to pay, provided he returns the property, and in order that he may be able to obtain a new trial, provided the damages are excessive, which can never be known unless the value, of the property and the damages are kept distinct and separate.
We therefore reverse the judgment of the circuit court, and remand the case for further proceeding.